FILED
CLERK OF COURT

2024 OCT 14 PM 4: 25

SUPERIOR COURT
OF GUAM



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0783-23 |
| vs. | **DECISION AND ORDER** |
| JOHN THOMAS DONNAFIELD, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on October 1, 2024, for hearing on Defendant John Thomas Donnafield's ("Defendant") Motion to Dismiss with Prejudice. Present were Assistant Attorney General Leah Diaz-Aguon on behalf of the People of Guam and Defendant with counsel, Deputy Public Defender John P. Morrison. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with: (1) Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony); (2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); and (3) Possession of a Firearm without a Firearm Identification Card (As a Third Degree Felony). (Indictment, Dec. 14, 2023). On July 29, 2024, Defendant filed a Motion to Dismiss with Prejudice, moving the Court to dismiss this matter because he was not brought before a Magistrate Judge within forty-eight (48) hours of his arrest pursuant to 8

G.C.A. § 45.10. On August 13, 2024, the Government filed its Opposition and on September 11, 2024, Defendant filed his Reply.

On October 1, 2024, the Court received sworn testimony from Office of the Attorney General Investigator Henry James and Defendant. After hearing testimony, the Court heard arguments from the parties and subsequently placed the matter under advisement.

## DISCUSSION

Under Guam law:

(a) An officer making an arrest under a warrant or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before a judge of the Superior Court.

\* \* \*

(c) The person arrested shall in all cases be taken before the judge within forty-eight (48) hours after the arrest, except that when the forty-eight (48) hour period expires, it is the burden of the government to demonstrate that a bona fide emergency or an extraordinary circumstance existed.

8 G.C.A. § 45.10. "The constitutional[1] and statutory right to a judicial hearing on probable cause within 48 hours is triggered when a defendant is arrested." *People v. Tedtaotao*, 2014 Guam 33 ¶ 12. The following facts are undisputed:

- Defendant was arrested the morning of December 5, 2023, after a Search Warrant was effectuated at his residence

- Defendant was transported to Guam Regional Medical City (GRMC) the same day for medical care

- A Magistrate's Complaint was filed on December 7, 2023 at 8:10 am

- Defendant was not brought before Magistrate Judge Jonathan R. Quan until after 3:00 p.m. on December 7, 2023, beyond forty-eight (48) hours of his arrest

- Defendant appeared before Magistrate Judge Quan remotely from GRMC

---

[1] "[T]he Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention." *Gerstein v. Pugh*, 420 U.S. 103, 126 (1975). "Guam has enacted 8 GCA § 45.10 to codify the principles of *Gerstein*." *Tedtaotao*, 2014 Guam 33 ¶ 14 (quoting *Petros*, 1986 WL 68513).

As it is undisputed that Defendant was not brought before a Judge within forty-eight (48) hours of his arrest, the issue before the Court is whether the Government has demonstrated that a bona fide emergency or an extraordinary circumstance existed to justify the delay.

The Government sets forth that the delay is justified because "[w]hen the defendant was admitted to GRMC his conditioned needed to be stabilized" and that "it was not until the day he was brought before Magistrate Quan that he was stable enough to be brought before the court, and as he was still admitted and receiving treatment, he appeared via video." (Opp'n at 3, Aug. 13, 2024).

> [T]o satisfy the bona fide emergency or extraordinary circumstance exception to the 48-hour rule, the government must show more than hospitalization. We find that when an arrestee is hospitalized, the People must show how the hospitalized arrestee's injuries or condition prevent safely transporting him to a first appearance or probable cause hearing, or arranging his appearance through other means. Without this showing, the People cannot justify a delay over 48 hours.

*People v. Bryan*, 2019 Guam 8 ¶ 6. "Statements and arguments of counsel are not evidence and are not to be considered as such. A party that bears the burden of proving an issue also must produce evidence to support its position." *Id.* at ¶ 23. The Government did not attach any additional medical records or other form of evidence to its Opposition to support the assertion that Defendant needed to be stabilized and that he was unable to appear remotely via telephone or Zoom for a Magistrate Hearing. The investigative reports attached to the Opposition refer to Defendant being admitted and in Guam Police Department custody but do not give specifics as to his condition, only that "Defendant was admitted at Guam Regional Medical City (GRMC) and that [his] release from GRMC was uncertain"; and that "it may be several days before Defendant Donnafield is discharged from GRMC." *See* Opp'n, Exh. A & B.

At the hearing, the Government called Investigator Henry James as a witness to provide evidence regarding Defendant's status at GRMC. Mr. James testified that he was requested by the assigned Assistant Attorney General to find out the status of Defendant because he was not immediately transported to the Department of Corrections after his arrest. Mr. James spoke with two officers – Matt Cepeda and Eugene Pewtress – who were at GRMC with Defendant. Mr.

James received information from Sargeant Cepeda and Officer Pewtress regarding Defendant's mobility and health but nothing specifically as to Defendant's consciousness. Mr. James further indicated that he never physically went to GRMC. At the hearing, the Court also heard testimony from Defendant. Defendant testified that after he was arrested, he was first taken to Central Precinct and then transported to GRMC because his leg was hurting and he had cellulitis. Defendant indicated he was able to communicate with the officers and that he was never given any medication that rendered him unconscious at GRMC. Defendant testified that on the first day he did receive an antibiotic through an IV drip but that he was then switched to pills. Defendant testified that he did not receive any surgeries while at GRMC and that he had access to a phone in his hospital room. Defendant testified that he was moved from a smaller room to a larger room to accommodate the officers present with him but that he was never placed in the ICU or any specialized room. Defendant testified that he did sleep at times but indicated that he was constantly woken up by GRMC staff. Defendant testified that he appeared for the Magistrate's Hearing via telephone from his hospital room and that the phone had always been there and was always working. Defendant testified that he was discharged from GRMC on December 8 and brought to the Department of Corrections.

In light of the facts set forth above, the Court finds that the Government has failed to meet its burden of proof and no bona fide emergency or an extraordinary circumstance existed to justify the delay. Defendant was not unconscious due to his condition (a leg infection), any hospital procedure or surgery, and would have been able to appear remotely for a Magistrate's Hearing during his time at GRMC. Defendant ultimately appeared for his Magistrate's Hearing on December 7, 2023 via a telephone that had been available in his room the days prior. Further, the possible remedy of the suppression of evidence obtained during the unlawful detention, if any exists, is unavailable, as no evidence was obtained during Defendant's detention. *See Bryan*, 2019 Guam 8 ¶¶ 39-41. Accordingly, the Court has no other alternative but to dismiss this matter.

//

//

//

*People v. Donnafield*
Case No. CF0783-23
Decision and Order

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss with Prejudice.

**IT IS SO ORDERED** this 14th day of October, 2024.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, PDSC
10/14/24 5:33pm
Date    Time
Antonia D Cruz
Deputy Clerk, Superior Court of Guam

*People v. Donnafield*
Case No. CF0783-23
Decision and Order